## COOKE *v.* GLOBE FILES Co. and others.

*(Circuit Court, S. D. New York. March 16, 1887.)*

PATENTS FOR INVENTIONS—PATENTABLE INVENTION—LETTER AND INVOICE FILE —"RE-ENFORCE PIECE."

Letters patent No. 282,275 were granted July 31, 1883, to William A. Cooke, Jr., for a letter and invoice file, the principal claims of which were a combination of tape called a "re-enforce piece" and the attachment of tapes to gussets in a certain manner. The said claims showed no new part or function which was not known before, but merely a mode of strengthening such files in places where they were previously weak, without requiring more than the skill of a good workman to reach the result obtained. *Held*, that said claims of the patent did not cover any patentable invention, and a bill to restrain infringement must therefore be dismissed.

In Equity.
*William E. Gleason*, for plaintiff.
*R. H. Parkinson*, for defendants.

WHEELER, J. This suit is brought upon patent No. 282,275, dated July 31, 1883, granted to the orator for a letter and invoice file for the reception and classification of papers. The specifications of the patent describe a file having pockets formed of leaves and partitions connected by gussets at the ends, with a piece of tape of linen or other suitable material pasted or otherwise applied to the gussets, and connected to the sides of the file by having its ends fastened between the sides and outside covers. The object of the tape is set forth to be to strengthen the tape of the gussets, and give stiffness to the parts to which it is attached, and to connect the opposite sides of the file by a stronger and more durable material than the gusseted ends of the pockets are required to be made of. There are five claims; the first, second, and fifth of which are for the gusseted bottoms and ends and partitions and flap. The third is for the combination of the tape called the "re-enforce piece" with the ends, partitions, and connecting pieces. The fourth is for the combination of the tapes attached to the gussets, and their ends held between the sides and the outside covers, with the gusseted ends of the pockets. The use of the re-enforce piece is the only infringement complained of, and applies only to the third and fourth claims. The case shows, and it is conceded in argument, that all the rest of the structure of the file is older than the plaintiff's invention. This piece added no new part or function to what was known and in use before, but merely strengthened the parts of the files in places where they were weak and needed strengthening, to which they were attached. Question is made as to whether the addition of this piece for this purpose constituted a patentable invention. What was needed in the prior structures was merely to make them stronger where they were shown by use to be too weak. The invention in this patent strengthened them by obvious means in these weak places. Neither the discovery of anything new, nor the application of genius to the things known, nor anything beyond the skill of a good workman, appears to have been required or exercised in the accomplishment of this result. Careful and repeated consideration of this subject, in view of the cases which have been decided bearing upon it, leads to the conclusion that the part of this patent claimed to be infringed does not cover any patentable invention. The invention does not appear to be any greater than that in *Gardner* v. *Herz*, 118 U. S. 180, 6 Sup. Ct. Rep. 1027, which was held not to be sufficient to support a patent. No reference to any other decided case, or to any other point in this case, is deemed to be necessary. Bill dismissed, with costs.